UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR J. GALLAGHER & CO.                CIVIL ACTION

V.                                       NO. 17-2825

BRIAN D. O'NEILL                         SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's Rule 12(b)(6) motion to dismiss plaintiff's First Supplemental and Amended Complaint for Injunctive Relief and Damages. For the following reasons, the motion is DENIED.

**Background**

This lawsuit arises out of an alleged breach of employment agreements.

Brian O'Neill worked for Arthur J. Gallagher & Co. until his resignation on May 27, 2016. He accepted an employment position with one of Gallagher's competitors, Marsh USA. Gallagher brings this complaint for injunctive relief and damages against O'Neill for O'Neill's alleged violations of certain employment agreements he had with Gallagher.

Specifically, on April 19, 2007, O'Neill executed an Executive Agreement with Gallagher. The Executive Agreement prohibited O'Neill from competing with Gallagher by soliciting or providing service to, directly or indirectly, Gallagher's customers after O'Neill's separation of employment with Gallagher.

1

This prohibition was to be in effect for two years following O'Neill's termination of employment with Gallagher, irrespective of the reason for termination. The Executive Agreement went on to specify every parish and municipality that fell within the Agreement's "Company Business Area," where O'Neill was prohibited from competing with Gallagher. O'Neill was also prohibited, under the Executive Agreement, from disclosing any confidential or trade secret information he acquired during his employment with Gallagher.

In addition to the Executive Agreement, O'Neill accepted a Notice of Option Grant and signed the 2011 Long-Term Incentive Plan Stock Option Award Agreement (Stock Option Award Agreement) on April 5, 2013, during his employment with Gallagher. The Stock Option Award Agreement prohibited O'Neill from competing with Gallagher by soliciting, directly or indirectly, or disclosing any confidential information after his separation from employment with Gallagher.

Gallagher alleges that after his employment with Gallagher, O'Neill made and continues to make contact with several of Gallagher's customers. Specifically, Gallagher alleges that O'Neill has made contact with Offshore Liftboats, LLC, Mitchell Lift Boats, LLC, Tradewinds Towing, LLC, Octopus Towing, LLC, Bisso Marine, LCC, and Offshore Marine Contractors, Inc. Gallagher alleges that O'Neill's contact with these parties is part of an

effort to solicit, aid, counsel, or consult in the transfer of insurance business from Gallagher to Marsh. Gallagher contends these efforts not only breach O'Neill's Executive Agreement, but the efforts have also resulted in some of Gallagher's customers executing Broker of Record letters transferring their business from Gallagher to Marsh. Gallagher alleges that the value of its lost commissions resulting from O'Neill's diversion of these accounts and other clients or prospective clients of Gallagher exceeds $75,000. Gallagher urges that unless O'Neill's actions are enjoined, its loss will continue to expand.

Gallagher filed this lawsuit in response to O'Neill's alleged conduct and brings a request for preliminary and permanent injunctive relief, claims for breach of contract, misappropriation of trade secrets and confidential information, and breach of duty of good faith. In response, O'Neill moves the Court to dismiss the Gallagher's claims against him.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

## II.

In support of his motion to dismiss, the defendant, O'Neill, contends that the plaintiff has not satisfied its burden to prove that O'Neill breached any obligation or that any breach resulted in damages to Gallagher. O'Neill argues that Gallagher does not contend "how, when, or where contact was made or if O'Neill initiated such contact." The defendant further contends that there was no allegations of any efforts made by O'Neill to solicit business form Gallagher. Finally, O'Neill submits that the complaint failed to allege what confidential, proprietary and trade secret information O'Neill had access to. In sum, the defendant contends that the complaint "fails to state any non-conclusory factual allegations for the Court to determine if Gallagher is entitled to relief."

In response, the plaintiff submits that it has met its pleading requirement for the breach of contract claim. Gallagher contends that it set forth facts to establish that O'Neill entered into certain contracts with Gallagher. Next, Gallagher urges that it set forth specific facts regarding how O'Neill breached the contracts; namely, Gallgher alleges that after his separation from Gallagher, O'Neill made contacts with certain Gallagher clients and identified the names of the clients allegedly contacted. In response to O'Neill's argument that the complaint fails to state when, where or how the contact was made, Gallagher urges that such factual specificity is not required in the pleading state. Finally,

Gallagher contends that it has alleged a breach of contract claim because it alleges specific damages that it contends is a result of O'Neill's breach. As explained already, Gallagher alleges that it has lost over $75,000 in commissions as a result of O'Neill's breach and the ensuing actions of its customers' switching accounts from Gallagher to Marsh.

Gallagher also contends that it has satisfied its pleading requirement for its misappropriation of trade secrets and confidential information claim. In response to O'Neill's argument that Gallagher failed to allege facts sufficient to show that he disclosed any trade secrets, Gallagher contends that it appropriately alleged that the confidential information regarding clients and business models, which constituted trade secrets, were available to O'Neill for use during his employment with Gallagher. It further alleges that O'Neill used or disclosed trade secret information for his own purpose or for the benefit of others, including Marsh. And finally, Gallagher alleges that it has suffered damages as a result of O'Neill's alleged misappropriation of this confidential information. The Court agrees with the plaintiff's contentions.

### III.

To establish a breach of contract claim under Louisiana law, a plaintiff must establish three elements: (1) the obligor undertook an obligation, (2) the obligor breached by failing to

perform the obligation, and (3) the breach resulted in damages to the obligee. Sanga v. Perdomo, (La. App. 5 Cir. 12/30/14); 167 So. 3d 818, 822; see also Coleman v. Sears Home Improvement Prods., Inc., No. 16-2537, 2017 WL 1089580, at *9 (E.D. La. Mar. 21, 2017). Here, Gallagher alleges that: O'Neill entered into two employment contracts, O'Neill breached the contracts by soliciting Gallagher's customers during new employment with Gallagher's competitor, and O'Neill's breach has resulted in at least $75,000 in lost commissions for Gallagher. The Court accordingly finds that Gallagher has sufficiently pled its claim for breach of contract. Gallagher has assuredly crossed the pleading requirement under Rule 8 by alleging specific facts, such as the exact clients whose business O'Neill has inappropriately solicited. Assuming all facts in light of the plaintiff, the Court concludes that Gallagher alleges a cause of action for which the Court can reasonably infer that the defendant could be liable for his conduct. See Iqbal, 556 U.S. at 678.

Under the Louisiana Uniform Trade Secrets Act (LUTSA), a plaintiff may recover damages for the actual loss caused by the misappropriation of a trade secret. La. R.S. 51:1431-39. "To establish a violation of the LUTSA, the plaintiff must prove (a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and (c) the actual loss caused by the misappropriation." 721 Bourbon, Inc. v. B.E.A. Inc., No. 11-710,

2011 WL 3747231, at *6 (E.D. La. Aug. 25, 2011) (citing Reingold v. Swiftshops, Inc., 126 F.3d 645, 648 (5th Cir. 1997)). Here, Gallagher has alleged trade secrets existed, O'Neill misappropriated the trade secrets in violation of certain employment contracts, and it has suffered and will continue to suffer damages as a result of O'Neill's misappropriation. Accordingly, the Court finds that Gallagher's complaint sufficiently states a claim for misappropriation of trade secrets under the Federal Rules of Civil Procedure's generous pleading standards.[1] See e.g., Iqbal, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Accordingly, IT IS ORDERED that the defendant's motion to dismiss is DENIED.

New Orleans, Louisiana, June 14, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] In his motion to dismiss, the defendant seeks dismissal of the complaint filed against him, but largely only addresses the breach of contract claim. For clarity, the Court also addressed the misappropriation claim. Additionally, the claims for injunctive relief and breach of duty of good faith stem from the breach of contract claim; having found that the breach of contract claim is sufficient to avoid dismissal, the injunctive relief and good faith claims also withstand this motion to dismiss.