UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR J. GALLAGHER & CO.                    CIVIL ACTION

VERSUS                                        NO. 17-2825

BRIAN D. O'NEILL                              SECTION "F" (2)

## ORDER AND REASONS ON MOTION

This is a breach of contract action with related state law claims alleging misappropriation of trade secrets and breach of duty filed by an employer, Arthur J. Gallagher & Co. ("Gallagher"), against its former employee, Brian D. O'Neill. Three contracts are alleged to have been breached, one of which is a Settlement Agreement entered into by plaintiff, defendant and defendant's subsequent employer, Marsh USA, Inc. ("Marsh"). No claims of any kind are asserted in this case against Marsh, which is Gallagher's competitor in the commercial insurance brokerage business.

Plaintiff served Marsh with two subpoenas duces tecum. The first subpoena seeks production from Marsh of 21 categories of materials, 20 of which relate exclusively to three named entities, Double J. Marine, River Construction, Inc. and Magnolia Tugs, LLC. Record Doc. No. 58-5. The second subpoena, which was accompanied by a "Request for Inspection Pursuant to Rule 34," Record Doc. No. 58-6 (Exhibit E), seeks "to inspect and copy any and all computers, cell phones, and/or storage devices used or operated by [defendant] for contact information of individuals and businesses and to

determine whether any calendar or schedule of meetings are maintained." Id. at p. 4 (emphasis added).

Marsh's motion to quash both subpoenas or, alternatively, for a protective order is pending before me. Record Doc. No. 58. Plaintiff filed a timely opposition memorandum. Record Doc. No. 67. Having considered the motion papers, the record and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as to the first subpoena and GRANTED in its entirety as to the second subpoena. Both subpoenas are QUASHED, except as to the limited part of Request No. 21 in the first subpoena identified below.

As an initial matter, I note that plaintiff's Rule 34 submission to Marsh is improper. By its clear terms, Fed. R. Civ. P. 34(a) applies only to parties to a lawsuit, and Marsh is not a party. The appropriate vehicle for plaintiff's request to Marsh to inspect and copy its computers and other electronic storage and communications devices is Rule 45, not Rule 34.

The first subpoena is quashed as to Requests Nos. 1-20 and the portion of Request No. 21 that seeks materials relating to Double J. Marine, River Construction, Inc. and Magnolia Tugs, LLC, and all objections and grounds for a protective order asserted in Marsh's motion are sustained. Subpoenas duces tecum "'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters

established by Rule 26.'"  Garvin v. S. States Ins. Exchg. Co., No. 1:04cv73, 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); see Mortg. Info. Servs. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) ("a Rule 45 subpoena does in fact constitute discovery"); accord Martin v. Oakland Cty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008); Fabery v. Mid-S. Ob-GYN, No. 06-2136, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2000). Thus, these two subpoenas are subject to the same scope and limitations that apply to all discovery in this case.

The threshold scope of permissible discovery is established in Fed. R. Civ. P. 26(b)(1) and extends only to that which is both relevant to claims and defenses in the case and within the applicable Rule's proportionality limits. Relevance focuses on the claims and defenses in the case, not its general subject matter. Proportionality analysis involves consideration of various factors, including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Evaluating these two subpoenas against these standards leads to the conclusion that almost all of the requests are excessive, seek much that is not relevant to the claims and

defenses, and are beyond what is necessary and beneficial to resolution of this case. The claims and defenses and proportionality focus of this case are limited to the narrow transactions asserted in the pleadings, which clearly do not extend to the dealings of Marsh and/or defendant with the three non-parties to which the first subpoena is addressed.

Plaintiff's second supplemental and amended complaint is clear that the Settlement Agreement which defendant allegedly breached specifically released him from the post-employment obligations to which plaintiff alleges he was bound, and thereby permitted him to contact and deal with those three identified customers. Record Doc. No. 46 at p. 8, ¶ 15. The Settlement Agreement maintained in place only defendant's alleged "post-employment obligations relative to <u>other</u> Gallagher customers," <u>not</u> the three as to whom the subject subpoena seeks information. <u>Id.</u> (emphasis added). By the very terms of its own pleading, plaintiff's breach of contract and related claims cannot rationally extend to the three named entities, which the Settlement Agreement expressly permitted defendant to contact, and the subpoena therefore seeks information that is irrelevant to plaintiff's claims in that regard.

Plaintiff's relevance argument is tortured and unpersuasive in its assertion that "[i]f the Settlement Agreement was breached by O'Neill, then it is considered dissolved" and "[c]onsequently, any solicitation and/or servicing of the three accounts identified" in the subpoenas would constitute breach of the other two agreements" and show his intent to

breach [h]is contractual obligations." Record Doc. No. 67 at p. 7.  Plaintiff has no claim that defendant breached any obligation in doing what he was expressly permitted to do by the Settlement Agreement. Doing what one is expressly permitted to do has no relevance to an intent to do that which is prohibited. I see no claim in either the substance of the pleadings or in the relief sought in the complaint that the Settlement Agreement has been or should be declared "dissolved," only that it has been breached by defendant's alleged contacts with entities <u>other than</u> the three named in the subpoena. Plaintiff's further argument that the materials concerning these three entities "is relevant to show O'Neill's methodology and pattern and practice of both direct and indirect solicitation" of plaintiff's customers is, at best, relevant to the general subject matter of the case, not to plaintiff's actual claims and defenses. Broad subject matter discovery is no longer permissible after the December 1, 2015 Amendments to Rule 26(b)(1).

Only a small sliver of what is sought in the first subpoena appears relevant and proportional to the needs of the case. Request No. 21 seeks a particularly identified kind of record, "all Marsh Connections-Connections Salesforce client information sheets" for a variety of entities beyond the three companies which O'Neill was specifically permitted by the Settlement Agreement to contact and/or service. The listed companies, other than Double J. Marine, River Construction, Inc. and Magnolia Tugs, LLC, are allegedly customers of plaintiff, which O'Neill remained obligated under the subject contracts not

5

to contact or service. Accordingly, Marsh must produce to plaintiff in response to the subpoena, no later than November 15, 2017, all such specifically identified documents, if any, for the entities listed in Request No. 21, other than Double J. Marine, River construction, Inc. and Magnolia Tugs, LLC, but limited to the time period of the date of O'Neill's separation from plaintiff's employment to the present.

As to the second subpoena, which seeks broad-ranging inspection and copying of Marsh's "computers, cell phones, and/or storage devices used or operated by [defendant] for contact information of individuals and businesses . . . to determine whether any calendar or schedule of meetings are maintained," such requests are also subject to and exceed both the proportionality limits of Rule 26(b)(1) and the discovery limits of Rule 26(b)(2)(C)(i), prohibiting discovery that is unreasonably cumulative or duplicative or that could be obtained from some more convenient, less burdensome or less expensive source; or because its benefit is outweighed by its burden or expense in light of the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of the proposed discovery to those issues. The Official Advisory Committee Notes to the 2006 Amendments to Rule 34 relating to electronic discovery caution:

> As with any other form of discovery, issues of burden and intrusiveness raised by requests to test . . can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically

> stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to . . . electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.

Advisory Committee Notes to the 2006 Amendments to the Federal Rules of Civil Procedure reported in Federal Civil Judicial Procedure and Rules at p. 192 (Westlaw Pamph. 2013 ed.).

Thus, while computer and electronic device examinations of the type sought by this subpoena are "not uncommon in the course of civil discovery, . . . '[c]ourts have been cautious in requiring [them] where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'" John B. v. M.D. Goetz, Jr., 531 F.3d 448, 459-60 (6th Cir. 2008) (quoting Balboa Threadworks, Inc. v. Stucky, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)) (citations omitted). In addition, "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." John B., 53 F.3d at 460 (citing McCurdy Group, LLC v. Am. Biomedical Group, Inc., 9 Fed. Appx. 822, 831 (10th Cir. 2001)). "[A] mere desire to check that the opposition has been forthright in its discovery responses is not a good enough reason" for a court order compelling an exhaustive examination of computers and other electronic

7

communications and storage devices. Memry Corp. v. Kentucky Oil Tech., N.V., No. C04-03843 RMW (HRL), 2007 WL 832937, at *3 (N.D. Cal. Mar, 19, 2007). Instead, courts have permitted restrained and orderly computer and similar device examinations where the moving party has demonstrated that its opponent has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means. White v. Graceland College Center etc., No. 07-2319-CM, 2009 WL 722056, at *7 and cases cited at n. 17 (D. Kan. Mar. 18, 2009). No such showing has been made in this case.

Applying the foregoing standards and principles, I find on the current record that plaintiff has failed sufficiently to justify the broad-ranging examination of Marsh's computer and electronic devices it requests in this subpoena. The connection between Marsh's devices sought to be examined and the claims in this lawsuit are remote. The other factors considered by the courts in the cases cited above and the proportionality balance required by Rule 26(b)(2) all weigh heavily against permitting the exhaustive examination and image copying plaintiff seeks to impose on its non-party competition. The importance of this discovery, if any, is minimal. The business disruption to Marsh appears substantial. Numerous more convenient and less burdensome means exist to determine whether contact information, calendars or meeting schedules are maintained, including for example a few questions at a deposition.

Accordingly, I find that the second subpoena concerning inspection and copying of Marsh's various computers, electronic storage and communications devices exceeds the Rule 26(b) limitations on discovery in this case, and it is quashed in its entirety.

New Orleans, Louisiana, this \_\_\_2nd\_\_\_ day of November, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE