UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR J. GALLAGHER & CO.                          CIVIL ACTION

VERSUS                                             NO. 17-2825

BRIAN D. O'NEILL                                   SECTION "F" (2)

## ORDER AND REASONS ON MOTION

The motion of defendant Brian D. O'Neill to compel responses and for costs and attorneys fees against plaintiff, Arthur J. Gallagher & Co, ("Gallagher"), Record Doc. No. 65 is pending before me. Specifically, O'Neill seeks an order compelling responses to its Interrogatories Nos. 1, 2, 4, 5, 8, 14 and 15 and Requests for Production Nos. 3-11, 13-16 and 20-22. Gallagher filed a timely opposition memorandum. Record Doc. No. 69. Having considered the motion papers, the record as a whole and the applicable law, IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART as follows.

The motion is granted as to Interrogatories Nos. 1, 2, 4, 5 and 8, all of which are contention interrogatories. All objections are overruled. The current answers largely fail to answer the questions, are "evasive or incomplete . . . [and] must be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(4). Examples of these deficiencies include failing in response to Interrogatories Nos. 1, 3 and 8 to identify documents that support the contentions (a vague answer like "see documents produced by defendants in discovery" is evasive); to identify the customer who provided the information revealed in the

response to No. 4; to provide any information responsive to ¶2 of Interrogatory No. 5; and to describe the knowledge, information or documents in the possession of any of the persons named in the answer to No. 14. As to contention interrogatories like these, plaintiff is correct that Fed. R. Civ. P. 33(a)(2) provides that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference <u>or some other time.</u>" (emphasis added). The court hereby sets the absolute deadline by which these interrogatories must be answered in full, without objections, as December 8, 2017.

The motion is denied as to Interrogatory No. 15. Although the response was deficient, the deadline by which plaintiff was required to provided its experts' reports has now passed, and all information requested in this interrogatory should have been provided in that report. Thus, no further answer will be required. <u>See</u> Fed. R. Civ. P. 26(e)(1)(A)(a deficient interrogatory answer must be supplemented only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; . . .).

In addition, I note that the copy of interrogatory answers provided to me in connection with this motion does not include the verification of interrogatory answers, sworn under oath, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). The required verification must be provided no later than November 22, 2017.

The motion is denied as to Request for Production No. 3. All objections are sustained. The current production is more than sufficient in light of the irrelevance of this request to claims and defenses in this case, all of which relate to defendant's departure from Gallagher and his subsequent work for Marsh, not with his "hiring, employment and compensation" while employed by Gallagher.

The motion is granted as to Requests for Production Nos. 5 - 11, 21 and 22. Gallagher asserted no objections to these requests; therefore, all objections are waived. See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.") Gallagher's only response to these requests was that it was in the process of determining whether any such documents exist and/or that it was gathering the requested materials and will supplement its responses appropriately. Record Doc. No. 65-5 at pp. 3-4, 9. IT IS ORDERED that, no later than November 22, 2017, Gallagher must complete this process and (a) provide new written responses to each of these requests, individually, separately and without objections since all objections have been waived, clearly stating either that <u>all</u> responsive materials are being produced, including materials supporting its damages claims, if any, beyond its expert's report and

exhibits, <u>or</u> that it has no responsive materials in its possession, custody or control, and (b) make actual production of all responsive materials.

The motion is granted in part and denied in part as to Requests for Production Nos. 13-16. Gallagher's relevance objection is overruled. Its argument that the materials sought in these requests are "irrelevant and not necessary to show the income lost by Gallagher as a result of O'Neill's solicitation [because] Gallagher has provided an expert report and supporting exhibits showing the income lost by Gallagher," Record Doc. No. 69 at p. 9, misses the essential point that the scope of discovery extends not just to claims but also to defenses. Fed. R. Civ. P. 26(b)(1). The requested information is clearly relevant to the <u>defense</u> against plaintiff's lost income claims, no matter how plaintiff itself chooses to support that claim. However, Gallagher's objection that the requests are not properly limited in time is sustained. These requests are hereby limited to the time period beginning when defendant O'Neill first became employed by Gallagher through the present. In addition, the requested materials appear on the face of their descriptions to be the type of information that may be confidential proprietary commercial information, but Gallagher has submitted no evidence at this time proving that it is. Accordingly, IT IS ORDERED that, no later than November 22, 2017, Gallagher must (a) provide new written responses to these requests clearly stating that all materials responsive to these requests, limited in time as provided above, are being produced, subject to the protective order previously entered in this case, Record Doc. No. 38, and
-4-

(b) make actual production of these materials. The parties are encouraged to confer in good faith and determine whether they can agree whether these materials are appropriate for the kind of more restrictive protective order recently entered by the court in connection with Marsh's commercially sensitive materials, Record Doc. No. 89 at p. 10, and submit such an agreed order to the court, if appropriate. If no agreement can be reached, Gallagher may file its own motion for entry of such a more restrictive protective order as to these materials, provided it supports its request with evidence sufficient to sustain its burden of proof on this issue.

The motion is denied as to Request No. 20. All objections are sustained, and no further response is required.

The motion is denied insofar as it seeks an award of attorney's fees and other expenses incurred in connection with this motion. The motion has been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment of the expenses incurred in connection with this motion is that both sides should bear their own costs. Fed. R. Civ. P. 37(a)(5)(B).

New Orleans, Louisiana, this ____8th____ day of November, 2017.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE