UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR J. GALLAGHER & CO.                    CIVIL ACTION

V.                                            NO. 17-2825

BRIAN D. O'NEILL                              SECTION "F"


<u>ORDER AND REASONS</u>

Before the Court is Brian O'Neill's expedited motion for an extension of time to disclose expert witnesses. For the following reasons, the motion is GRANTED.

**Background**

Brian O'Neill worked for Arthur J. Gallagher & Co. On April 19, 2007, O'Neill executed an Executive Agreement that prohibited O'Neill from soliciting or providing service to some of Gallagher's customers for two years in the event that O'Neill left the company for any reason. Additionally, O'Neill signed the 2011 Long-Term Incentive Plan Stock Option Award Agreement on April 5, 2013, which prohibited O'Neill from competing with Gallagher or disclosing any confidential information after his departure from the company.[1] O'Neill resigned from Gallagher on May 27, 2016. Shortly

---

[1] The Court's background section does not constitute a finding on the facts of the case or the content of the contracts. It is simply intended to provide an overview of the context in which the instant motion arises.

thereafter, he accepted a position with Marsh USA, a competitor of Gallagher.

Gallagher sued O'Neill on April 3, 2017, alleging that he breached the employment agreements. The parties have since proceeded through most of discovery, although the process has been vexatious and bitter.[2] Before the Court now is O'Neill's motion for an extension of time to disclose expert witnesses. The motion was filed on November 3, 2017, the day the disclosure was due. Because the motion was expedited, Gallagher filed its response on November 10, 2017.


I.   Legal Standard

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that the scheduling order "may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite diligence of the party needing the extension.'" Squyres v. Heico Companies, L.L.C., 782 F.3d 224, 237 (5th Cir. 2015) (quoting Filgueira v. U.S. Bank Nat'l Ass'n, 734 F.3d 410, 422 (5th Cir. 2013)). When determining whether there is good cause under Rule 16, courts consider four factors:

---

[2] The parties have filed eight contested motions relating to just discovery, including several motions for contempt, motions to quash, and a motion to recover attorney's cost. All sides might wish to become better acquainted with 28 U.S.C. § 1927.

"(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." Id. (quoting Meaux Surface Productions, Inc. v. Fogleman, 607 F.3d 161, 167 (5th Cir. 2010) )(alterations in original).

## II.   Analysis

In weighing each factor, the Court holds that granting an extension is appropriate. First, the Court considers O'Neill's explanation for failing to timely comply with the scheduling order. O'Neill contends that an extension is necessary because Gallagher has not provided him with past-due discovery, and without that information, he cannot properly consult with an expert. On July 17, 2017, O'Neill submitted interrogatories and requests for production of documents to Gallagher. Gallagher objected to 18 of the 19 interrogatories and failed to answer 17 out of 23 requests for production of documents. Gallagher eventually agreed to supplement the responses, but O'Neill still found them largely insufficient.[3] Accordingly, O'Neill filed a motion to compel

---

[3] Gallagher's reluctance to respond to the requests was not in isolation. O'Neill's employer, Marsh USA, also refused to produce requested documents without making significant redactions. After Gallagher filed three motions for contempt, the Court granted in camera inspection of the documents and subsequently ordered that Marsh produce them.

responses on October 25, 2017, which was to be heard by Magistrate Judge Wilkinson. In its November 8, 2017 Order and Reasons, the Court granted O'Neill's motion in part and denied it in part. However, the Court found that Gallagher failed to adequately respond to most of the contested interrogatories and requests. For instance, the Court ordered that Gallagher respond to production requests that ask for all documents that support its contention that it suffered monetary damages as a consequence of O'Neill soliciting business from Gallagher's customers or divulging confidential information. The responses to the request for production are due on November 22, 2017, and the responses to the interrogatories are due December 8, 2017, the deadline to complete all discovery. O'Neill contends that this information is necessary for the expert to address Gallagher's alleged damages.

Gallagher challenged O'Neill's explanation, contending that O'Neill has enough information to complete its expert report. Gallagher pointed to the production reports outlining revenue generated by the accounts at issue for the past two years and Gallagher's expert reports, which were submitted on October 6, 2017. Instead, it asserted that O'Neill simply miscalculated the deadline, and once he realized his error, he moved for an extension of time. But the Court need not determine whether attorney error was the partial or whole motivation for seeking an extension. Nor is it in the best place to determine exactly what information is

necessary for the experts to complete their report. O'Neill's explanation is persuasive. The unfulfilled discovery requests appear relevant to his expert report: Gallagher's ability to prove that it suffered monetary losses because O'Neill allegedly solicited clients protected by the employee agreements has a significant bearing on how to assess Gallagher's damages claim. Likewise, O'Neill's ability to consider this discovery information in their expert report is important, and therefore making a modification to the scheduling order is too. Accordingly, the first two factors weigh in O'Neill's favor.

Third, Gallagher claims that it would be prejudiced by the modification because receiving the report late could prevent it from concluding discovery by the December 8th deadline and risk delaying the trial date. Gallagher does not provide any specifics as to how an extension would prevent it from timely concluding discovery. But to allow O'Neill to consider Gallagher's response to the requests for production in its expert reports—even just allotting him two business days—would continue the deadline to disclose expert witnesses until Tuesday, November 28th, leaving the plaintiff with just over a week to conclude all further discovery. Likewise, the scheduling order mandates that all pre-trial motions must be filed in sufficient time to allow a hearing on the motion no later than 28 days prior to trial. Considering the Court's available submission dates and the local rules, the

parties would be required to submit any dispositive motions no later than December 5th, so the Court could consider them for the December 20th submission date. The plaintiff would only have one week to assess the expert reports and file any dispositive motions. Even though the plaintiff did not detail how the extension would prejudice it, the Court can reasonably conclude that allowing the defendant to submit their expert reports several weeks after the previously agreed upon deadline would disrupt the plaintiff.

As to the related fourth factor, a minor continuance of the discovery deadline may be available to mitigate, but not cure, any prejudice. A continuance may help the parties complete discovery, but the parties will still have to file all pre-trial motions by December 5th. The Court will not consider delaying the pre-trial conference and the trial date to modify a scheduling order on these grounds. Nor will the Court tolerate the parties useless point-counterpoint unprofessional conduct.

Although the final two factors favor Gallagher, the Court finds that the importance of allowing O'Neill to consider the answers to its discovery requests outweigh the claimed prejudice Gallagher argued. The Court's November 8, 2017 Order and Reasons found that many of Gallagher's responses "largely fail to answer the questions" and are "evasive." Had Gallagher adequately responded to the discovery requests or appropriately supplemented them when O'Neill requested it to, it could avoid tight deadlines.

Accordingly, IT IS ORDERED: that O'Neill's motion for an extension of time to disclose expert witnesses is GRANTED. IT IS FURTHER ORDERED: that O'Neill submit his expert report by November 28, 2017.[4]

New Orleans, Louisiana, November 15, 2017

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Again, counsel are warned that their apparent enmity will possibly be deemed sanctionable misconduct.