UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR J. GALLAGHER & CO.                    CIVIL ACTION

VERSUS                                        NO. 17-2825

BRIAN D. O'NEILL                              SECTION "F" (2)

# ORDER AND REASONS

The presiding district judge has affirmed in all respects my order of November 6, 2017, Record Doc. No. 89, but has "remanded for further consideration of the redactions in the documents <u>not</u> included in the in camera review." Record Doc. No. 105 at p. 2 (emphasis added). Specifically, the remand order directs me to "address whether Marsh must amend the thousands of documents not included in the in camera sample to disclose the redacted information in compliance with the protective order, or whether Gallagher must accept the documents with the redactions in place." Id. at pp. 1-2.

(A) <u>Timely Objections</u>

Before addressing the remand directive, I feel compelled to address Gallagher's misguided persistence in continuing to assert the erroneous argument that Marsh waived its objections to Gallagher's subpoena duces tecum by not asserting them within the 14 days provided in Fed. R. Civ. P. 45(d)(2)(B).[1] In short, I find Gallagher's waiver

---

[1] Gallagher's other objections, which the presiding district judge has already rejected, require little comment. The original protective order was insufficient to protect Marsh's substantial trade secret interests in the materials I subsequently ordered produced in <u>un</u>redacted form because it permitted broad access to scores of people, including unrestricted numbers of witnesses, law firm and party employees and others. Record Doc. No. 38 at pp. 4-5. The more restrictive access provided in the more recent

- 1 -

argument and the case law it cites to support it, Record Doc. No. 95-1 at pp. 9-12, erroneous and unpersuasive because they are contrary to the structure, plain meaning and intent of Rule 45. The analysis of the leading federal civil procedure commentators and the court decisions they rely upon, as outlined below, provide the correct interpretation of the interplay between the separate and distinct written objections and motion to quash procedural vehicles set out in Fed. R. Civ. P. 45(d)(2) and (3).

When a non-party to a lawsuit, like Marsh, is served with an overly broad subpoena duces tecum, like the one served by Gallagher in this case, the non-party has four procedural options. First, it may ignore the subpoena. This is the worst option, almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived. Second, the non-party may comply with the subpoena, an option that appears to be less frequently chosen in these contentious times.

Third, the non-party "**may** serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested." Fed. R. Civ. P. 45(d)(2)(B)(emphasis added).

---

protective order was necessary to protect the proprietary business interests of the non-party subpoena recipient from its competitor, Gallagher. The allocation of some costs and fees to protect the non-party subpoena recipient was an appropriate exercise of the court's broad discretion under Fed. R. Civ. P. 45(d)(3)(C)(ii), especially considering the costs already incurred by Marsh in responding to the subpoena.

Significantly, this rule uses the permissive "**may**." It does not use the mandatory "shall" or "must." The non-party is not required to serve written objections. Instead, serving written objections is a less formal, easier, usually less expensive method of forestalling subpoena compliance when compared to the separate option of filing a motion to quash or modify the subpoena, as discussed below. However, if the subpoena recipient chooses to serve written objections rather than file a motion to quash or modify, the objections must be served on the issuing party "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id.

> This fourteen-day objection period only applies to subpoenas demanding the production of documents, tangible things, electronically stored information, or the inspection of premises . . . . A failure to object within the fourteen-day period usually results in waiver of the contested issue. However, the district court, in its discretion, may entertain untimely objections if circumstances warrant.

9A C. Wright, A. Miller, M. Kane, R. Marcus, A. Spencer, A. Steinman, Federal Practice and Procedure § 2463 (3d ed. 2017)(hereinafter "Wright & Miller")(available online).

Thus, even untimely objections may be excused when, for example, a subpoena is overly broad on its face or places a significant burden on a non-party. See D. Lender, J. Friedmann, J. Bonk, Subpoenas: Responding to a Subpoena, 6 (Thomson Reuters 2013) (hereinafter "Lender") (available at https://www.weil.com, search "subpoenas") (citing Semtek Intern, Inc. v. Merkurly Ltd., No. 3607, 1996 WL 238538, at *2 (N.D. N.Y. May

1, 1996)).  Moreover, as I have previously noted, Record Doc. No. 89 at pp.2-3, subpoenas duces tecum are discovery devices governed by Rule 45 but also subject to the parameters established by Rule 26.  "[T]he court retains discretion to decline to compel production of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made." Schooler v. Wal-Mart Stores, Inc., No. CIV.A. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (citing Fifty–Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05–cv–01059–KJD–GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03–1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006)).

Serving written objections under Rule 45(d)(2)(B) may provide the recipient with several advantages. For example, asserting objections can be done informally without going to court, shifts the burden and expense of commencing motion practice in court to the issuing party and affords the recipient additional time in the event the recipient is ultimately obligated to comply with the demands in the subpoena. Lender, supra, at p.7.

The non-party's fourth option is the one that Marsh elected to exercise in this case. Under Rule 45(d)(3), the subpoena recipient may move to modify or quash the subpoena as a means of asserting its objections to the subpoena. Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14 day requirement. Instead, the rule provides simply that the motion to quash must be "timely." Fed. R. Civ. P.

45(d)(3)(A). As the leading commentators and the case law they rely upon explain, the "14-day requirement to object to a subpoena is **not relevant** to a motion to quash a subpoena, . . ." Wright & Miller (emphasis added) and cases cited at n. 10, including COA Inc. v. Xiamei Houseware Group Co., Inc., No. C13-771 MJP, 2013 WL 2332347, *2 (W.D. Wash. May 28, 2013) (quoting King v. Fidelity Nat. Bank of Baton Rouge, 712 F.2d 188, 191 (5th Cir. 1983)); In re Kulzer, No. 3:09-MC-08 CAN, 2009 WL 961229 (N.D. Ind. Apr. 8, 2009), rev'd on other grounds Heraeus Kulzer, GmbH v. Biomet, Inc., 633 F.3d 591 (7th Cir. 2011) (motion to quash was timely even though it was not served within 14-day time limit).

""While 'timely' is not defined in [Rule 45(d)(3)(A)] nor elaborated upon in the advisory committee notes . . . ., [i]n general, courts have read 'timely' to mean within the time set in the subpoena for compliance."" In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in Foreign Proceeding, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015) (quoting U.S. ex rel. Pogue v. Diabetes Treatment Ctrs of Am., Inc., 238 F. Supp. 2d 270, 278 (D.D.C. 2002)) (citations omitted). "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." Estate of Ungar v. Palestinian Authority, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) (emphasis added).  In addition, "[c]ourts may excuse delay for the same reasons that justify delay in serving written

objections, . . ." Lender, supra, at p. 9 (citations omitted).

In this case, Gallagher apparently served its objectionable subpoena on May 19, 2017.[2] The return date provided in the subpoena for production of the documents was June 21, 2017. Marsh's motion to quash was filed on June 7, 2017, Record Doc. No. 10, two weeks <u>before</u> the return date. The motion was therefore timely within the meaning of Rule 45(d)(3)(A) and preserved Marsh's objections. Marsh did not employ the less formal alternative procedural option of serving written objections. Therefore, the 14-day period for filing objections to the subpoena was irrelevant and provides no support for Gallagher's waiver argument.

Gallagher cites four reported decisions issued by other Louisiana-based United States Magistrate Judges in support of its argument that Marsh waived its objections to the subpoena by failing to serve written objections within 14 days of its receipt of the subpoena, despite its subsequent, timely filing of a motion to quash. In my view, two of these decisions are inapposite, having nothing to do with the precise waiver argument Gallagher makes, and the other two are clearly erroneous as a matter of law, unpersuasive

---

[2] The parties seem to agree that May 19, 2017 was the service date. Record Doc. Nos. 10-3 at p. 6 (certificate of service signed and dated on May 19, 2017) and 95-1 at p.10 ("Here, Marsh was served on May 19, 2017."). I note, however, that Gallagher failed to comply with the requirement in Rule 45(b)(4) that it file a return of service of the subpoena in the court's record. A copy of the subpoena filed in the court's record is blank and provides no information about how, by whom or when actual service was made. Record Doc. No. 10-3 at p. 3 (blank service return).

and not binding Fifth Circuit precedent.

Specifically, neither <u>Seabulk Towing, Inc. v. Oceanografia S.S. De C.V.</u>, No. 01-3791, 2002 WL 188419 (E.D. La. Feb. 4, 2002), nor <u>Shumcock v. Columbia/HCA Healthcare Corp.</u>, No. CIV.A. 99-1777, 1999 WL 615169 (E.D. La. Aug. 12, 1999), addresses a situation in which the recipient filed a timely motion to quash or modify the subpoena. Instead, in both cases, the subpoena recipients employed service of written objections as its procedural vehicle for challenging the subpoena. In <u>Seabulk</u>, the subpoena recipient provided some timely objections via letter from its counsel, but the letter omitted any mention that the subpoena was objectionable because it sought proprietary information. When the subpoena recipient asserted this objection much later in a subsequent letter, <u>after</u> the 14-day period had expired, the objection was properly deemed waived. In <u>Columbia/HCA</u>, the subpoena recipient attempted to employ the service of objections procedure, but its letter asserting objections was not served within 14 days. The subpoena recipient never filed a motion to quash or modify; instead, it filed a motion for a protective order under an inapplicable state statute. The court ordered production, but subject to a protective order and without the objections asserted in the motion for protective order being waived.

I recognize that the other two decisions cited by Gallagher support its waiver argument. <u>Duplantier v. Bisso Marine Co., Inc.</u>, No. 09-8066, 2011 WL 2600995 (E.D.

La. June 30, 2011), and Payne v. Forest River, Inc., No. 13-679-JWD-RLB, 2014 WL 7359059 (M.D. La. Dec. 23, 2014), both graft the Rule 45(d)(**2**) 14-day period for serving written objections onto the separate and distinct Rule 45(d)(**3**) motion to quash or modify procedure, without recognizing that the motion need only be "timely." Duplantier did so conclusorily, with no discussion or analysis of the law discussed above. Payne states that "[h]aving been served with a Rule 45 subpoena, [the recipient] had a duty to serve its objections 'before the earlier of the time specified for compliance or 14 days after the subpoena is served.'" Id., 2014 WL 7359059, at*4. However, no such duty exists, unless the recipient chooses the Rule 45(d)(**2**) written objections procedural vehicle as its means of challenging the subpoena. In Payne, the subpoena recipient opted to file a motion to quash or modify. It was undoubtedly true, as the Magistrate Judge stated, that the recipient "provided no legal authority for its argument that the filing of a motion to quash a Rule 45 subpoena . . . suffices as a timely objection . . . by the non-party. . ." Id. Yet, that authority exists in the structure and plain language of Rule 45 itself, the expert commentary and the case law discussed above.

In my view, Payne and Duplantier are erroneous as a matter law. Their reasoning is unpersuasive, and they are not Fifth Circuit precedent binding upon me. Rules 45(d)(**2**) and 45(d)(**3**) provide a non-party subpoena recipient with two separate and distinct procedural vehicles for asserting objections to a subpoena. One is not dependent upon or

tied to the other. One must be filed within 14 days of receipt; the other must merely be "timely," ordinarily meaning filed before the date set in the subpoena for compliance. In this case, Marsh properly asserted its objections in a timely motion to quash under Rule 45(d)(3), choosing not to employ the separate Rule 45(d)(2) procedure. Its objections were not waived.

(B)  Redactions

As to the question of whether Marsh must remove its redactions, if any, from the thousands of documents it has already produced to Gallagher but which were <u>not</u> provided to me for in camera review, or whether Gallagher must accept the documents with the redactions in place, Record Doc. No. 105, my in camera review of the sample of documents submitted to me by Marsh indicates that sometimes its redactions were proper and sometimes they were not. The only definitive way for the court to determine the propriety of any particular redaction made by Marsh would be to conduct an in camera review of all the produced 12,000 documents. Given the other demands on the court's time and resources, however, it is impossible for me to conduct such a massive in camera review.

Marsh has already produced the <u>un</u>redacted portions of 12,000 documents subject to the protective order that was put in place on August 24, 2017. Record Doc. No. 38. The earlier protective order was sufficient to protect whatever confidentiality interests

Marsh was asserting in the unredacted portions of those produced documents. The more restrictive protective order that I imposed on November 6, 2017, Record Doc. No. 89, was intended to protect only those portions of the documents reviewed in camera and ordered produced in <u>un</u>redacted form, because Marsh's proof and my in camera review convinced me that enhanced protection was required to protect Marsh's trade secret interests in the materials from which redactions would be removed. The more restrictive protective order does not apply to every <u>un</u>redacted document Marsh produced before my recent order.

To comply with the presiding district judge's directive, I can only provide the following general order: from the documents Marsh has already produced that were not subject to my previous in camera review, Marsh must remove its redactions and produce unredacted versions of those documents, subject to the more restrictive protective order in Record Doc. No. 89, only to the extent that the previous redactions reflect references to Gallagher and/or to the activities of defendant Brien D. O'Neill himself on behalf of Marsh; Marsh's dealings with Gallagher's former or current customers named in the complaint, but excluding the three entities that O'Neill was permitted to contact by the Settlement Agreement described in the complaint; and the commercial and competitive context in which O'Neill now operates for Marsh in competition with his former employer, Gallagher.

Removing such redactions should be consistent with the redactions I ordered

removed in my previous order. Record Doc. No. 89 at p.8. Additional unredacted documents of the type described above, if any, must be produced to Gallagher by Marsh no later than December 11, 2017. If Marsh determines that no additional redactions need be removed to comply with this order, it must certify that to Gallagher in writing and under oath by that date. If either party identifies a limited number of redacted documents that the court may reasonably and manageably review in camera without substantial burden or imposition on the interests of judicial economy and efficiency, it may file a new motion for in camera review of such particularly identified documents.

New Orleans, Louisiana, this __27th__ day of November, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. MARTIN L.C. FELDMAN**