UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR J. GALLAGHER & CO.                              CIVIL ACTION

V.                                                     NO. 17-2825

BRIAN D. O'NEILL                                       SECTION "F"


ORDER AND REASONS

Before the Court is Marsh USA's expedited motion to review Magistrate Judge Wilkinson's November 27, 2017 Order and Reasons. For the following reasons, the motion is GRANTED.

Background

Brian O'Neill worked for Arthur J. Gallagher & Co. On April 19, 2007, O'Neill executed an Executive Agreement that prohibited O'Neill from soliciting or providing service to some of Gallagher's customers for two years in the event that O'Neill left the company for any reason. Additionally, O'Neill signed the 2011 Long-Term Incentive Plan Stock Option Award Agreement on April 5, 2013, which prohibited O'Neill from competing with Gallagher or disclosing any confidential information after his departure from the company. O'Neill resigned from Gallagher on May 27, 2016. Shortly thereafter, he accepted a position with Marsh USA, a competitor of Gallagher.

Gallagher sued O'Neill on April 3, 2017, alleging that he breached the employment agreements. The parties have since proceeded through most of discovery, although the process has been vexatious and bitter. However, there is an ongoing dispute about disclosure of documents by Marsh, a non-party. Gallagher issued a subpoena duces tecum to Marsh in May. Marsh opposed it, claiming that the documents contained confidential information and trade secrets. Eventually, Magistrate Judge Wilkinson entered a Protective Order, which mandates that any confidential documents may only be used to litigate this matter; not for business or competitive purposes. In response, Marsh made rolling productions from August to October, but many of the thousands of documents contained substantial redactions. Gallagher filed several motions for contempt, demanding that Marsh produce unredacted documents in compliance with the Protective Order. Magistrate Judge Wilkinson completed an *in camera* review of a sample of the redacted document and found in his November 6, 2017 Order and Reasons that redactions were justified in some cases, but not in others. Marsh was required to produce some of those documents unredacted, but Magistrate Judge Wilkinson amended the Protective Order to permit only two Gallagher employees—both executives—to view the documents. In Magistrate Judge Wilkinson's November 27, 2017 Order and Reasons, he amended the Protective Order to require that Marsh remove its redactions from all documents when the redactions include references to: (1)

Gallagher and the activities of O'Neill; (2) Marsh's dealings with Gallagher's former and current clients; and (3) O'Neill competing with Gallagher. Marsh requests the Court to review Judge Wilkinson's November 27, 2017 Order and Reasons.

I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(a), a party may appeal the ruling of the Magistrate Judge to the District Judge. A magistrate judge is afforded broad discretion in the resolution of non-dispositive motions. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 363(b)(1)(A). If a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court will disturb a magistrate's ruling only when the ruling is "clearly erroneous or is contrary to law." See Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). A finding is "clearly erroneous" when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevens, 487 F.3d 232, 240 (5th Cir. 2008)(quoting United States. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

II. Discussion

The protective order, as amended in the November 27, 2017 Order and Reasons, causes unproportional harm to Marsh. The protective order would force Marsh to reveal information that would

expose valuable trade secrets to Marsh's direct competitor while only slightly, if at all, supporting Gallagher's claims. Accordingly, the Protective Order must be amended to limit the scope of Marsh's disclosures.

Marsh contends that the protective order is overly broad. It asserts that by requiring disclosure of all of its communications with Gallagher's former clients, Marsh would be required to disclose sensitive information that is not relevant to Gallagher's claims. Gallagher claims that O'Neill violated its executive agreement by divulging confidential information, soliciting Gallagher's clients, and servicing the accounts of Gallagher's former clients, Offshore Liftboats and Offshore Marine Contractors. Marsh contends that any information between Marsh employees and Offshore Liftboats and Offshore Marine Contractors is irrelevant to Gallagher's solicitation claims because the companies already transferred their business. Once transferred, there is nothing to solicit. Moreover, after Offshore Liftboats and Offshore Marine Contractors transferred their business by executing a broker of records letter, Marsh had unfettered access to Gallagher's alleged confidential information, such as renewal dates, pricing, and structure from the clients. Accordingly, Marsh argues that production of unredacted documents should be limited to communications before the business was transferred or involving O'Neill. It does not object to communications involving O'Neill or

4

Gallagher's former clients, but it does object to communications between Marsh's other employees and its clients. Marsh requests that the protective order be narrowed in scope to: "(1) communications regarding solicitation of business; (2) communications prior to the transfer of business; and (3) communications regarding the confidential information Gallagher alleges O'Neill disclosed, i.e. references to Gallagher's pricing, structure, renewal dates, and points of contact." Marsh also agrees to produce communications made after the business was transferred that reference Gallagher's fee structure.

Gallagher asserts that communications between two former Gallagher clients—Marsh and Offshore Liftboats and Offshore Marine Contractors—following their transfer of business are relevant. It contends that the communications may show that: (1) O'Neill was involved or is currently involved in servicing the accounts following the transfer; (2) other employees at Marsh received assistance from O'Neill on their accounts; (3) O'Neill directly communicated with clients regarding their insurance business; and (4) O'Neill continued to disclose confidential information to Marsh. Gallagher presents valid concerns, but Marsh has already agreed to disclose most of this information. Marsh already disclosed all communications between O'Neill and Offshore Liftboats and Offshore Marine Contractors, Marsh employees and Offshore Liftboats and Offshore Marine Contractors that reference

5

O'Neill, and O'Neill and Marsh employees that reference Offshore Liftboats and Offshore Marine Contractors. These disclosures give Gallagher access to communications that may show O'Neill is involved in servicing accounts with Gallagher's former clients, assisting Marsh employees from servicing those accounts, or communicating with clients regarding their business.[1] Finally, Marsh agrees to disclose any information that references Gallagher's confidential information, alleviating Gallagher's fourth concern.

In its sur-reply, Gallagher submitted compelling evidence supporting its claim that O'Neill shared confidential information with Marsh.[2] The Court recognizes that Marsh had previously redacted documents that may prove essential to Gallagher's claims. The Protective Order, as is, requires Marsh to disclose those documents. But it may also require Marsh, a non-party, to disclose highly sensitive documents that do little to support Gallagher's claims but may expose Marsh to an unfair competitive disadvantage. Further, the Protective Order can be amended to better address

---

[1] Marsh does not object to disclosing communications that relate to O'Neill soliciting clients before they transfer business, and submits that they have already disclosed any communications between O'Neill and Gallagher's former clients after they transferred their business to Marsh.
[2] Those documents were previously unredacted; Marsh disclosed them earlier this week.

6

Marsh's concerns while still protecting Gallagher's right to discovery.[3]

According, IT IS ORDERED: that the Protective Order be narrowed in scope to: (1) communications regarding solicitation of business from any of Gallagher's clients or former clients; (2) communications prior to the transfer of business; (3) communications after the transfer of business that reference or concern O'Neill or Gallagher; (4) communications between O'Neill and other Marsh employees that reference or concern Gallagher or any current or former clients of Gallagher; (5) communications between O'Neill and current and former clients of Gallagher; and (6) communications referencing information that Gallagher alleges O'Neill improperly disclosed.

New Orleans, Louisiana, December 20, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court has discretion to "protect a person subject to or affected by a subpoena" from "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. Pro. 45(d)(3)(B).